# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                              Case Number   06-00773-003

WILLIAM DOWLING

Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, WILLIAM DOWLING, was represented by Stacy Biancamano, AFPD.

On motion of the United States the court has dismissed counts 7, 8, 9, 10, 11 of the Indictment as against defendant.

The defendant pled guilty to count 6 of the Indictment on March 12, 2007. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 18:1956(h) | Conspiracy to Commit Money Laundering | February 2006 | 6 |

As pronounced on June 23, 2008, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. § 3553, and U.S.S.G. § 5K1.1.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count 6, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 23rd day of June, 2008.

FAITH S. HOCHBERG
United States District Judge

43201

Judgment – Page 2 of 5

Defendant: WILLIAM DOWLING
Case Number: 06-00773-003

## PROBATION

The defendant is hereby placed on probation for a term of 3 years.

While on probation, the defendant shall comply with the standard conditions that have been adopted by this court (set forth below):

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of probation if the probation officer determines a risk of substance abuse.

If this judgment imposes a fine, special assessment, costs or restitution obligation, it shall be a condition of probation that the defendant pay any such fine, assessment, costs and restitution and shall comply with the following special conditions:

The defendant shall reside for a period of 3 months in a community corrections center, halfway house or similar residential facility and shall observe all the rules of that facility. The defendant shall be eligible for weekend privileges and shall be permitted to leave the community confinement center for employment purposes. The defendant shall pay subsistence as required by the program.

Following his release from community confinement, the defendant is to be confined to his residence for a period of 12 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant not be required to wear an electronic monitoring device. The defendant shall permit the probation officer access to the residence at all times. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires.

The defendant shall refrain from the use of alcohol and shall submit to testing to ensure compliance. It is further ordered that the defendant submit to evaluation and treatment as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall contribute 200 hours of community service work over a period of 3 years or less, from the date probation commences. Such service shall be without compensation, with the specific work placement to be approved by the U.S. Probation Office.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the restitution obligation or otherwise has the express approval of the Court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Judgment – Page 3 of 5

Defendant: WILLIAM DOWLING
Case Number: 06-00773-003

## STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

For Official Use Only --- U.S. Probation Office

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
         Defendant                           Date

         _____
         U.S. Probation Officer/Designated Witness    Date

Judgment – Page 4 of 5

Defendant: WILLIAM DOWLING
Case Number: 06-00773-003

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee (Victim) | Amount of Restitution |
|---|---|
| All Points Capital<br>c/o Katherine C. Ash, Esq.<br>Troutman Sanders LLP<br>405 Lexington Avenue<br>New York, NY 10174 | $103,889 |
| CIT Group<br>c/o Malani J. Sternstein, Esq.<br>Sheppard Mullin Richter & Hampton, LLP<br>30 Rockefeller Place, 24th Floor<br>New York, NY 10112 | $103,889 |
| CitiCapital Technology Finance<br>c/o William G. Wright, Esq.<br>Farr, Burke, Gambacorta & Wright<br>1000 Atrium Way, Suite 401, P.O. Box 669<br>Mt. Laurel, NJ 08054 | $103,889 |
| DB Zwirn Special Opportunities Fund LLC<br>c/o Eric S. Rein, Esq.<br>Schwartz Cooper Chartered<br>180 North LaSalle Street, Suite 2700<br>Chicago, IL 60601 | $103,889 |
| GE Capital Corporation<br>c/o Scott Christie, Esq.<br>McCarter & English LLP<br>Four Gateway Center, 100 Mulberry Street<br>Newark, NJ 07102 | $103,889 |
| IBM Credit LLC<br>c/o John C. Kilgannon, Esq.<br>Stevens & Lee<br>1818 Market Street, 29th Floor<br>Philadelphia, PA 19103 | $103,889 |

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment – Page 5 of 5

Defendant: WILLIAM DOWLING
Case Number: 06-00773-003

Universal Equipment Leasing Co.                                                                $103,889
(Lender for Fifth Third)
c/o Kelly A. Woodruff, Esq.
Farella, Braun & Martel LLP
235 Montgomery Street
San Francisco, CA 94104

    Payments of restitution are to be made payable to **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608 for proportionate distribution to the victims.

The restitution is due immediately. The Court shall waive the interest requirement in this case. The defendant shall satisfy the amount due in monthly installments of no less than $200, to commence 30 days after his release from the halfway house.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.